January 25th, 1909.

———o———

## No. 4560.

### Court of Appeal, Parish of Orleans.

### M. W. SOLOMON & SON VS. KOSSUTH V. RICHARD.

1. Where in a suit on an account, defendant pleads certain payments it is competent for the plaintiff to disprove the plea by showing that the payments were made on an anterior account.

2. The burden of proving payment was on the defendant, and rebutting proof is admissible under his pleadings, even if it might not otherwise have been competent evidence under the allegations and exhibits of the petition.

3. In the absence of agreement and instructions to the contrary, payment must be imputed to the oldest of the debts of like nature.

Appeal from Civil District Court, Division "C."
Boatner & Manion, for Plaintiff and Appellant.
H. N. Gautier & W. F. Frazee, for Defendant and Appellee.

DUFOUR, J. For about eight years prior to 1907, defendant had a running account with plaintiff's grocery firm.

In October, 1907, this suit was filed on an itemized account dating from March 1, 1906, to June 8, 1907, both inclusive, amounting to $352.17 and subject to a credit of $110, paid in three installments, one on February 8, 1907, for $30, one on April 29, of $50, and the last on June 3, 1907, for $30.

Defendant pleads a further payment of $175, and in support thereof offered and produced four checks aggregating that amount and respectively dated March 22nd, 1906, June 7th, 1906, August 3rd, 1906, and October 30th, 1906.

When plaintiff offered to show that the payments pleaded had been imputed to an anterior account, other than the one annexed to the petition, it was objected that such proof was inadmissible under the pleadings.

The objection was overruled, but we are informed by counsel for both sides that the Judge subsequently changed his mind and did not consider the testimony.

We think his first ruling was correct.

When defendant pleaded payment and offered the checks referred to, it was competent for the plaintiff to disprove the claim and show that the payment was made on another account.

The burden of the plea was on defendant and any evidence tending to rebut his testimony was admissible under his pleadings, even though it might not otherwise have been so under the allegations of the petition and the exhibits.

Passing to the merits, the proof is to the effect that the checks referred to were properly, in the absence of contrary instructions, imputed to the oldest debt.

This paid up the debt to March 1st and the account prepared for purposes of suit naturally began on that day.

We see nothing suspicious in the testimony of the plaintiff in support of the itemized account and the defendant admits that, at no time, did he know how his account stood. He paid when he could and in such amounts as he could spare.

The judgment is amended by increasing the allowance to plaintiff to the sum of two hundred and forty-two 17-100 dollars ($242.17), as prayed for, and that, as amended, the judgment be affirmed, defendant to pay costs of both Courts.

January 25th, 1909.

Rehearing refused February 8, 1909.

Writ refused by Supreme Court March 17, 1909.